**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SUGAR RAY FRANKLIN #255211** | § | |
| | § | |
| **V.** | § | **A-17-CA-729-SS** |
| | § | |
| **PAMELA THIELKE,** | § | |
| **et al.** | § | |


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave

to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the

Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff

committed the offense of murder on April 17, 1975, and was sentenced to life in prison. Plaintiff

was paroled, and while out on parole, committed the offense of aggravated assault with a deadly

weapon on May 6, 2011. Plaintiff was sentenced to five years' imprisonment for the aggravated

1

assault, and his parole was revoked. Plaintiff challenged his conviction for aggravated assault with a deadly weapon in a state application for habeas corpus relief, which was denied on September 17, 2014. Plaintiff also challenged his aggravated assault conviction in a federal application for habeas corpus relief, which was denied on April 22, 2016. Plaintiff does not appear to have filed a federal application for habeas corpus relief directly challenging the revocation of his parole.

In his civil-rights complaint Plaintiff challenges the revocation of his parole. He alleges he had a preliminary revocation hearing on September 8, 2011, and his hearing officer Defendant Dombrosky conspired with others to violate his rights. Plaintiff contends Defendant Arnetta Hamilton, a regional parole officer, participated in the conspiracy by impersonating Plaintiff's parole officer. Plaintiff alleges she submitted a false report to the Board of Pardons and Paroles. According to Plaintiff, his real parole officer was Angela Curley. Plaintiff further alleges Defendant Jacqueline Dickerson, a Regional II Director, participated in the conspiracy by encouraging and using parole funds to finance the return of a trial witness against Plaintiff and in doing so violated the Separation of Powers Doctrine. Plaintiff also alleges Defendant Angela Nation abused her power by submitting false information to the Board of Pardons and Paroles to revoke Plaintiff on a false conviction and filing false affidavits in Plaintiff's state habeas corpus proceedings. With regard to Defendant Pamela Thielke, Director of the TDCJ - Parole Division, Plaintiff alleges she exceeded her powers and conspired with the judicial branch of government to obtain a conviction and revoke Plaintiff's parole without due process. Plaintiff alleges Defendant Joni White, Director of TDCJ - Classification, participated in the conspiracy by allowing Defendant Nation to conceal illegal acts and fraudulently authenticate a false conviction for the purpose of prolonging Plaintiff's incarceration.

Plaintiff additionally alleges his trial attorney, Defendant R. Scott Walker, conspired with parole officers to illegally convict Plaintiff of aggravated assault and his appellate attorney, Defendant Kathleen Walsh, participated in the conspiracy by only raising on appeal an issue related to court costs.

Plaintiff seeks $3 million in punitive damages from Defendants Walker and Walsh. He seeks an unspecified amount of compensatory and punitive damages from the remaining defendants. Plaintiff specifies he is suing the defendants in their individual capacities. See Pl. Comp. at 5.

## DISCUSSION AND ANALYSIS

### A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B. Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-

87 (1994) and the Fifth Circuit's application of <u>Heck</u> to state prisoner § 1983 lawsuits in <u>Boyd v.</u>

<u>Biggers</u>, 31 F.3d 279 (5th Cir. 1994). In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions or revocation of parole have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met. Plaintiff should be allowed to refile only upon a showing that the decision to revoke his parole "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-87.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on August 10, 2017.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE